UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § § § | CRIMINAL NO. A-10-CR-136-SS |
| PAUL EDWARD COPELAND | | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES, the United States of America by and through her undersigned Special Assistant United States Attorney and files this Government's Response to Defendant's Motion to Dismiss and would show the Court as follows:

I. FACTS

On or about January 16, 2010, law enforcement personnel with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), Austin Police Department (APD) and Immigration and Customs Enforcement (ICE) conducted an undercover operation at the Texas Gun Show located at 10601 N. Lamar Blvd, Austin, Texas (Western District of Texas). The purpose of the operation was to look for firearms violations.

During the operation, ATF agents' attention was drawn to the Defendant, who was talking to a group of customers in a loud and boisterous manner. He stated that he had served his country, been shot and stabbed and that he could sell firearms to whoever he wanted. When asked if he was afraid that there were undercover officers at the show, the Defendant looked around and stated, "I don't see any police officers." An ATF agent was standing directly in front of him when he made this statement.

Later that day, ATF agents witnessed the Defendant conduct a transaction with a group of

Spanish speaking hispanic males. A young hispanic male who spoke English acted as a translator for the group. Agents witnessed the Defendant negotiate a price for a handgun with Hipolito Aviles, who then handed cash to a second hispanic male, who then handed Aviles' cash and his own identification to the Defendant. The Defendant in turn sold the firearm and handed it to the "straw" purchaser, who then handed the firearm to Hipolito Aviles. The Defendant then instructed Mr. Aviles to hand the firearm back to the straw purchaser because he had "bought" the firearm. Agents witnessed the straw purchaser hand the firearm back to Hipolito Aviles a short time later. Hipolito Aviles was an illegal alien and therefore is prohibited from possessing a firearm.

Agents with ATF and APD made contact with the Defendant and asked him to step outside to talk to the agents. He was told he was not under arrest and he was not placed in restraints. He refused to say anything other than he sold the firearm to the "guy with the ID." The agents did not arrest the Defendant but allowed him to leave and go back into the gun show. He was allowed to surrender himself to the U.S. Marshal's Service after his indictment by the grand jury on March 2, 2010.

Agent Daniel Jones with the Bureau of Alcohol, Tobacco, Firearms and Explosives testified at the Grand Jury to the facts stated above. He also testified in general terms about gun shows and the types of violations that occur on a regular basis at gun shows.

When asked by a Grand Juror, the Government's attorney made it very clear that the Government, for purposes of the indictment, were not pursuing charges against the Defendant for being an unlicensed gun dealer. The Grand Jury was told that was a possibility but that it was not part of this investigation.

II.  DISCUSSION

In cases involving non-constitutional error the standard of review is a harmless error analysis pursuant to Rule 52(a) of the Federal Rules of Criminal Procedure.  *Bank of Nova Scotia v. United States,* 487 U.S. 250, 254 - 255 (1988).  The Supreme Court has identified two types of errors that can occur in the grand jury proceedings: (1) non-constitutional error; and (2) constitutional error / fundamental error.  *Id.* at  256 (1988).

Where dismissal is sought for non-constitutional error, the dismissal is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations.  *Id. citing United States v. Michanik,* 475 U.S. 66 (1986).  The second class of cases are rare, and included those errors that are deemed "fundamental."  *Id.*  These cases are ones in which the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice.  *Id.*  These cases involve cases involving racial or gender discrimination in the selection of grand jurors among others.  *Id.*

In the case before the Court, the defendant asserts that he was prejudiced by the implication that he is an unlicensed gun dealer in violation of federal law.  If there be any error at all, the Defendant's complaint appears to be one of a non-constitutional dimension.  As such the Court must decide if any violation occurred, and if so, did the error substantially influence the grand jury's decision to indict or is there grave doubt that the decision to indict was free from the substantial influence of the violation.

It was made clear to the grand jury that the Defendant was presented for indictment alleging the offense currently before the Court: Selling a Firearm to an Illegal Alien.  Special Agent, Daniel Jones testified to the facts recited above and established probable cause to support the elements of

the offense charged in the indictment.

Agent Jones provided testimony regarding gun shows and the common violations that occur in an effort to educate the grand jury and provide context for the violation that law enforcement agents witnessed the Defendant commit. The Defendant was not portrayed as an unlicensed gun dealer, but as an unlicensed seller. It was made clear to the grand jury that private individuals can legally sell their firearms at a gun show without a Federal Firearms License. The Government's attorney was specifically asked whether the Defendant could be charged with dealing firearms without a license. The Government's attorney stated that was a possibility but that issue was not being presented for the grand jury's consideration. How the defendant was unfairly prejudiced by this information is unclear. Any contextual testimony regarding gun shows was certainly not information that substantially influenced the grand jury's decision to indict.

### III.  PRAYER

Having failed to meet their burden under existing case law and precedent, the Government respectfully requests that the Defendant's Motion to Dismiss be, in all things, denied.

        Respectfully submitted,

        JOHN E. MURPHY
        UNITED STATES ATTORNEY
        WESTERN DISTRICT OF TEXAS


BY:	   /s/ James F. Booher
        JAMES F. BOOHER
        Special Assistant United States Attorney
        State Bar No. 00790334
        816 Congress Ave. Suite 1000
        Austin, TX 78701
        512-916-5858
        512-916-5854 Facsimile

**Certificate of Service**

I, the undersigned, do hereby certify that the foregoing document, the Government's Response to Defendant's Motion to Suppress Statements , was filed electronically via the WDTX CM/ECF system in this cause on this the 13th day of May, 2010. Thus, defense counsel of record, Guillermo Gonzales, will have electronic access in order to view and copy the document.

_____/s/_____
James F. Booher

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | **CAUSE NO. 1: 10-CR-136 (SS)** |
| **Plaintiff,** | § | |
| v. | § | |
| | § | |
| **PAUL EDWARD COPELAND** | § | |
| **Defendant.** | § | |

# ORDER

Came on to be considered the Defendant's MOTION TO DISMISS in the above styled and numbered cause. Having considered the pleadings, the grand jury testimony, the United States Response to Defendant's Motion, and after hearing testimony and the argument of counsel the court, hereby:

**ORDERS** that the Defendant's motion be DENIED.

**ENTERED** on this the _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE